IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ESLEY D. CORNELIUS, III,

    Plaintiff,

v.

CHARLES WEIGE, JESSIE
THOMPSON, and WILLIAM
LANNOM,

    Defendants.

Case No. 3:23-CV-01165-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Esley D. Cornelius, III, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Cornelius alleges that Defendants violated his constitutional rights in connection with a traffic stop, search, and arrest.

On January 9, 2024, this Court issued a preliminary review order pursuant to 28 U.S.C. § 1915A allowing Plaintiff to advance the following three claims:

- **Count 1:** Fourth Amendment claim against Defendants for the unlawful stop, search, seizure of Cornelius's vehicle, arrest without probable cause, and the seizure of Cornelius's stimulus funds.

- **Count 2:** Fourteenth Amendment equal protection claim against Defendants for racially profiling Cornelius before and during the traffic stop.

- **Count 3:** Illinois state law claim for false arrest and imprisonment against Defendants for Cornelius's arrest on May 8, 2021.

(Doc. 16) (hereinafter "Merits Review Order"). On July 31, 2024, Plaintiff filed a motion for leave to amend his complaint. (Doc. 37). The Court granted this unopposed motion on August 20, 2024 (Doc. 39), and Plaintiff filed an amended complaint on August 28, 2024. (Doc. 41).[1]

Plaintiff's amended complaint is now up for preliminary review under 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

The Merits Review Order provided an overview of Plaintiff's factual allegations concerning the stop, arrest, and search that forms the basis of this action. *See* (Doc. 16). The Court will not repeat this narrative in detail here. It is enough to note that Plaintiff alleges he was the subject of racially discriminatory stop, arrest, and search by Defendants (officers of the Marion Police Department). Defendants allegedly pulled him over based on an impermissible "hunch" of illegal activity, instructed him to get out of the car, found several thousands of dollars in cash on his person, and then found that the person riding in the passenger seat, Ashley N. Turner, was in possession of

---

[1] The Court granted this motion as unopposed even though it was untimely under the scheduling order entered on March 13, 2024. *See* (Doc. 31).

methamphetamine.

Plaintiff's amended complaint offers very little—if any—additional support for his claims. Indeed, the amended complaint appears to simply repeat the factual allegations concerning the stop, search, and arrest. Plaintiff apparently summarizes his legal theories as follows: "(1) unlawful arrest imprison[ment]; (2) equal protection violation; (3) civil conspiracy; (4) illegal search and seizure from illicit stop; (5) unlawful pretrial detention; (6) false arrest/imprisonment; and (7) malicious prosecution." But the amended complaint does not match Plaintiffs' allegations to these legal theories, nor does it provide any reason to expand the number of claims that were previously approved in the Merits Review Order. Moreover, as far as the Court can tell, these purported claims are all based on Plaintiff's arrest and the prosecution that followed. These allegations were addressed in the Merits Review Order, and the Court clearly explained which claims survived preliminary review. Thus, the Court declines to expand the number of legal claims on which Plaintiff may proceed.

One issue warrants further discussion: Plaintiff's claim of "defamation" against Defendants. The amended complaint asserts that Defendants "made false statements to prosecutors and local news reports . . . about Plaintiff's reputation as a drug trafficker and made humiliating and false accusations." (Doc. 41 at 7). It goes on to allege that Defendant Officer Weige "said in his false report" that Plaintiff was "convicted of child endangerment and unlawful use of weapon" and that "the local newspaper and social media website for Williamson Co. and Marion Police Dept. posted the arrest report," causing Plaintiff to be humiliated.

In Illinois, defamation claims against police officers and other public officials are subject to a one-year statute of limitations. S*ee* 745 ILCS 10/8-101(a). Plaintiff was arrested on May 8, 2021, and charged with possession of methamphetamine that same day. (Doc. 41 at 1). He filed this lawsuit on April 6, 2023. His defamation claims are based on the publication of information contained in the police reports that were drafted shortly after his arrest. Although Plaintiff does not reveal a specific date on which the allegedly defamatory statements were made, his claim is untimely unless Defendants waited almost a full year before publicizing the contents of their reports. The amended complaint does not warrant such an inference; nor would it be supported by common sense. *See Stobinske-Sawyer v. Village of Alsip*, 188 F. Supp. 2d 915 (N.D. Ill. 2002) (defamation claim against police officer untimely where claim was filed one year and three months after arrest and defamatory statement was made "shortly after" arrest); *Grzanecki v. Cook Cnty. Sheriffs Police Dep't.*, No. 10 C 07345, 2011 WL 3610087, at *2 (N.D. Ill. Aug. 16, 2011) (same when complaint was filed more than one year after arrest and no other facts supported timeliness of claim). Thus, the Court finds that Plaintiff's claim for defamation is time-barred under 745 ILCS 10/8-101(a).

## Conclusion

For these reasons, the Court declines to modify the Merits Review Order. Plaintiff may continue to prosecute this lawsuit but may do so only with respect to the claims approved in the Merits Review Order. Defendants motion to stay the scheduling order pending a preliminary review of the amended complaint (Doc. 47) is **DENIED as moot**.

## NEXT STEPS

The Court acknowledges that discovery closed on December 2, 2024, and that two motions to compel discovery (Docs. 36 & 38) are currently pending. Defendants and Plaintiff are thus **DIRECTED** to each file a status report (Defendants shall file their report jointly and Plaintiff shall file his own) updating the Court on the status of the case. These reports shall be filed **on or before February 3, 2025**. If more time is needed to complete discovery, the parties shall say so in their status reports and propose a modified scheduling order to allow the case to proceed to resolution.

**IT IS SO ORDERED.**

**DATED: January 6, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**