IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ESLEY D. CORNELIUS III,

    Plaintiff,

v.

CHARLES WEIGE, JESSIE THOMPSON,
and WILLIAM LANNOM,

    Defendants.

Case No. 3:23-CV-01165-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Defendants move for an order directing Plaintiff to submit written questions for the deposition of a witness in this case, Ms. Ashley Turner. (Doc. 59). Defendants submit that Ms. Turner has concerns about appearing at the deposition because she previously obtained an order of protection against Plaintiff and does not want to be confronted by him. (Doc. 59-1). Alternatively, Defendants propose that the Court order Plaintiff to attend the deposition via videoconference or by phone. The deposition is scheduled to go forward on March 14, 2025.

    Federal Rule of Civil Procedure 30(c)(3) allows parties to participate in a deposition by submitting written questions. The rule stipulates that "[i]nstead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. The officer must ask the deponent those questions and record the answers verbatim." FED R. CIV. P. 30(c)(3). Whether to order a party to participate in a deposition by submitting

written questions is a matter committed to the sound discretion of the district court. *United States v. Real Property Located at 700 N. 14th Street, Springfield, Illinois*, No. 12–cv–3052, 2013 WL 5595952, at *2 (C.D. Ill. Oct. 11, 2013) ("700 N. 14th Street").

Participation in a deposition by written questions however, is "rarely, if ever, used in modern litigation." *Stanek v. St. Charles Comm. Unit School District # 303*, No. 13 C 3106, 2020 WL 1304828, at *5 (N.D. Ill. Mar. 19, 2020) (internal quotation marks omitted). That is so because it prevents the examining party from listening to and observing the witness in real time, thus preventing them from asking follow-up questions and fully evaluating the witness's credibility. *Id.* These concerns are particularly acute where, as here, the deposition will likely involve "controversial testimony." *700 N. 14th Street*, 2013 WL 5595952, at *2. Ms. Turner was a passenger in Plaintiff's car and was present at the scene of the traffic stop that gave rise to this civil rights action. Whether Defendants subjected Plaintiff to a racially discriminatory stop and arrest is *the* critical issue in this case. Thus, Ms. Turner's testimony, as a disinterested witness, is critical to the claims and defenses in this case. Her testimony is not uncontroversial and thus not suitable to be taken by written questions under Rule 30(c)(3).

But the Court is cognizant of Ms. Turner's compelling safety concerns vis-à-vis Plaintiff. Defendants submit that Ms. Turner was the victim of a "physical assault" by Plaintiff and has real concerns about being confronted by him at a deposition. Defendants also submitted a copy of an order of protection from the Union County Circuit Court ordering Plaintiff to "stay away" from Ms. Turner. (Doc. 59-1). But the order of protection expired on June 15, 2023, and Defendants are aware of no evidence that it has been

extended. Moreover, Defendants have not submitted an affidavit or statement from Ms. Turner to show that the submission of written questions from Plaintiff is the *only* way to accommodate her security concerns. That is not to say that the Court harbors even the slightest doubt about the sincerity of Ms. Turner's security concerns. It simply means that the Court must do its best to balance Ms. Turner's concerns against Plaintiff's constitutional interest in discovery. *See Hines v. Wilkinson*, 163 F.R.D. 262, 266 (S.D. Ohio 1995) ("a party's right to attend a deposition has a constitutional dimension and is therefore entitled to special protection."). The Court finds that Defendants' alternative proposal—to allow Plaintiff to participate in the deposition by phone—strikes an appropriate balance. The Court thus **ORDERS** as follows:

1. Plaintiff may participate in the March 14 deposition of Ms. Turner **BY TELEPHONE.**

2. Plaintiff may question Ms. Turner for no more than **THIRTY MINUTES.**

3. All parties are **ORDERED** to conduct themselves in a courteous and professional manner.

Defendants' motion for Plaintiff to submit written questions for the deposition of Ms. Turner (Doc. 59) is thus **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

DATED: March 3, 2025

*/s/ Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**